**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOLYAN CARL MASSEY,

Defendant - Appellant.

No. 12-10439

D.C. No. 3:05-cr-00196-PGR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Holyan Carl Massey appeals from the 24-month sentence imposed upon

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

Massey contends that his statutory maximum sentence is substantively

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

unreasonable. He argues that the district court gave too much weight to the degree of his intoxication at the time of his arrest, which is not the conduct that triggered the revocation of his supervised release. The district court did not abuse its discretion in imposing Massey's sentence. *See United States v. Gall*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of Massey's history, his repeated breaches of the court's trust, and the need to protect the public. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

To the extent Massey argues that the district court erred by imposing the 24-month sentence for the purpose of rehabilitation, in violation of *United States v. Grant*, 664 F.3d 276 (9th Cir. 2011), the record reflects that the court did not impose sentence for this purpose.

**AFFIRMED.**